JAMES P. WALLACE *vs.* MINNEAPOLIS & NORTHERN ELEVATOR COMPANY.

November 25, 1887.

**Warehouseman—Tender—Waiver.**—It is competent, for a bailee of grain held in store, to waive the formal requisites of a tender of charges and grain receipts provided for by Gen. St. 1878, c. 124, § 15.

**Same—Ground of Refusal—Estoppel.**—And where such bailee places his refusal to deliver the grain solely on the ground that it is claimed by a third party, he will not be permitted subsequently to change his position, and justify such refusal on the ground that the charges are not paid.

The plaintiff brought this action in the district court for Otter Tail county, to recover for the alleged unlawful conversion of wheat. A jury was waived, and the action tried by *Baxter,* J., who ordered judgment for plaintiff, from which judgment the defendant appeals.

*Cross & Carleton,* for appellant.

*J. W. Mason,* for respondent.

VANDERBURGH, J. It is found by the trial court that the wheat in question had been stored in one of defendant's elevators, in the village of Pelican Rapids, in this state; and that, on the 9th day of

December, 1885, the plaintiff had the amount of wheat alleged in the complaint, in such elevator, and that he was then and there entitled to demand and have the same as owner; that he was in possession of "checks" or "tickets" representing the amount thereof; and that, at that date, plaintiff did demand the same of defendant, at the place mentioned, and offered to pay the charges thereon, which were computed by the defendant's agent from the wheat "checks" produced by the plaintiff at the time, and which he stood ready to deliver up.    The defendant's agent thereupon refused to deliver the wheat, solely upon the ground that it belonged to one Plummer; and then informed plaintiff that he had instructions not to deliver the wheat to him, because it belonged to Plummer, but did offer to deliver it to him, provided he would furnish an indemnity bond; and for this reason no further or more formal tender of the charges and tickets was made.    The wheat, as the court finds, did not belong to Plummer, but to the plaintiff, and that, upon the facts found, the plaintiff was entitled to recover for the value thereof, as upon a conversion.    And the court thereupon ordered that, upon producing and surrendering the checks, plaintiff should have judgment.

There can be no question of the propriety of this ruling.    It was competent for the defendant to waive the statutory provisions as to the formal tender of the charges and tickets, and the facts found very clearly show there was such waiver.    The conduct of the defendant rendered it unnecessary for the plaintiff to do more.    The objections he now makes to the sufficiency of the demand and tender, in order to show a conversion of the wheat, might all have been obviated at the time but for his own conduct in denying plaintiff's ownership, and placing his refusal to deliver it upon the ground that it belonged to another.    He cannot now be permitted to change his position, and place his refusal upon another and different ground, to defeat this action.    *Railway Co.* v. *McCarthy*, 96 U. S. 258, 267; *Holbrook* v. *Wight*, 24 Wend. 169, (35 Am. Dec. 607.)    The defendant's refusal, under the circumstances, must be treated as a conversion, and plaintiff's rights and remedies are as fully preserved as if a strictly formal tender had been made.

Judgment affirmed.