Portz vs. Schantz.

---

PORTZ, Respondent, vs. SCHANTZ, Appellant.
PORTZ, Appellant, vs. SCHANTZ, Respondent.

*January 11 — January 31, 1888.*

*(1) Mortgage: Mistake in date: Variance. (2, 3) Probate of will: Defective proof of notice: Presumption: Special administrator: Assignment of property according to will: Estoppel. (4) Payment: Evidence. (5) Costs: Discretion.*

1. A mortgage was dated June 20, 1860, but the certificate of acknowledgment appeared on its face to have been executed on June 20, 1864, and a revenue stamp was affixed, the cancellation of which bore date June 20, 1864. *Held*, that the mortgage was admissible in evidence under a complaint alleging its execution on June 20, 1864.

2. An order, made May 8, for hearing the petition for probate of a will, directed that notice be given by publication for three successive weeks. The affidavit of the printer, sworn to and filed May 31, was to the effect that such notice had been "published for —— successive weeks, commencing on the 9th day of May." The hearing was on May 31, and the order then made, admitting the will to probate and appointing an administrator, recited the filing of the affidavit of the printer "showing that the notice required . . . has been duly published as ordered." *Held:*

(1) After the lapse of fifteen years the validity of the probate may be presumed, in order to support a subsequent assignment of a note and mortgage (which were part of the assets of the estate) to the testator's widow, in accordance with the will.

(2) For the purpose of transferring such note and mortgage to the widow, the administrator so appointed must be regarded as having at least the powers of a special administrator, who might be appointed without notice.

3. Within four months after the assignment of the note and mortgage to the widow, the mortgagor, a son of the testator, petitioned the court for the allowance of certain claims against the estate, stating that "he did not know until quite recently that letters of administration had been granted." He knew of his father's death and that the mortgage had not been surrendered to him or discharged of record. His petition was denied. *Held*, that he was chargeable with knowledge of the assignment of the mortgage to the widow, and, not having taken any appeal, he is estopped, in an action to foreclose the mortgage, from denying the validity of such transfer.

4. The fact that a father casually borrowed $20 from his son, is *held* in this case not to be sufficient evidence of a payment of that amount upon a note and mortgage which had been given by the son to the father, to justify this court in disturbing a finding of the trial court to the contrary.

5. In an action to foreclose a mortgage, each party having claimed too much, it is *held* that there was no abuse of discretion in allowing to the plaintiff merely his disbursements and no other taxable costs or attorney's fees.

APPEALS from the Circuit Court for *Washington* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced June 12, 1886, to foreclose a mortgage executed by the defendant, *George Schantz*, and his wife, since deceased, given to secure a note executed and delivered by them to one Joseph Schantz on or about June 20, 1864, for $130, with interest annually at seven per cent. per annum, due two years after that date, upon the lands described. The answer in effect denied that the note and mortgage had ever been assigned to the plaintiff, or that he was the owner, and alleged that the note had been fully paid and satisfied by the defendant before the commencement of the action; that the cause of action did not accrue upon the note within six years before the commencement of this action; that the cause of action upon the mortgage did not accrue within twenty years before the commencement of this action; and, by way of counterclaim, alleged that there was due to the defendant $234 for services rendered by him to his father, the said Joseph Schantz, during the time he owned the note and mortgage, between July 1, 1866, and June 12, 1870, and to be applied thereon as payment and an equitable setoff; that said Joseph died June 11, 1870, without ever having sold or transferred said note and mortgage; and demanded that the same be adjudged paid and discharged of record.

Upon the trial, the court found as matters of fact, in effect, (1) that June 20, 1864, *George* (and his wife, since deceased) executed and delivered to said Joseph said note and mortgage (2) upon the lands described; (3) that the plaintiff was the lawful owner and holder of said note and mortgage at the commencement of this action, and continued to be such; (4) that the cause of action upon the note did not accrue within six years before the commencement of this action; (5) that the cause of action upon the mortgage herein did accrue within twenty years before the time of this action; (6) that the mortgagee, Joseph, died without making any assignment thereof; (7) that *George*, at the

special instance and request of Joseph, and while he was the owner and holder of said note and mortgage, and in part payment thereof, performed work, labor, and services for him, reasonably worth $2.50 per day, in the three summers of 1866–68, respectively, to the amount in each of $36, and that that amount should be credited thereon as payments, as of the 1st of August in each of said three years; (8) that, August 1, 1867, *George* paid Joseph $30 in cash on said note and mortgage; (9) that there was still due and unpaid thereon $53.27; (10) that the mortgaged premises were a homestead, and could not be sold separately in parcels without prejudice to the interest of the parties; (11) that the allegations of the complaint were true, except as to the allegation of nonpayment.

As conclusions of law, the court found (1) that the plaintiff was the lawful owner and holder of the mortgage; (2) that he was the proper party plaintiff, and that the action should not abate; (3) that the cause of action upon the mortgage accrued within twenty years before the commencement of this action; (4) that the cause of action upon the note did not accrue within six years before the commencement of this action; (5) that there was due and unpaid upon the mortgage $53.27; (6) that the plaintiff was entitled to judgment of foreclosure and sale for that amount, with the plaintiff's disbursements, to be taxed, but with no other taxable costs or solicitor's fees; and judgment was directed and entered accordingly.

The plaintiff appeals from those parts of the judgment disallowing more than the amount stated, and disallowing attorney's and solicitor's fees; and the defendant appeals from the whole judgment.

*H. W. Sawyer*, for the defendant, contended, *inter alia:* 1. The court below erred in denying the motion to exclude all evidence under the complaint, and in admitting the mortgage in evidence. The complaint stated that the mort-

gage in suit was executed on the 20th day of June, 1864, to secure a note of that date payable two years thereafter. There was no claim that there was any mistake or discrepancy in the mortgage. The mortgage offered and received in evidence was dated June 20, 1860, to secure a note of "*even date*" therewith, payable in two years thereafter. The attesting clause was that the parties of the first part hereunto set their hands and seals "the day and year first above written." There is no claim or proof that it was not so intended. This action was commenced June 12, 1886. The variance, therefore, between the pleadings and proof is material, for the reason that had the plaintiff set out this mortgage the complaint would have shown upon its face that it was *outlawed* — that the cause of action arose as early as 1862; and the defendant would have been entitled to judgment without any proof.

2. The court erred in admitting the record of the probate proceedings, and especially the decree assigning the estate of Joseph Schantz to his widow, Anna M. Schantz. The statutes provide that all persons interested shall have personal notice of the time and place of proving a will, or such notice shall be served by publishing the same "at least three weeks successively prior to said time; and no will shall be proved until notice shall be given as herein provided." R. S. sec. 3787; Tay. Stats. ch. 97, sec. 18; *O'Dell v. Rogers,* 44 Wis. 136; *Chase v. Ross,* 36 id. 267. The same notice is required for the appointment of an administrator with the will annexed. R. S. sec. 3808. The fact that notice has been served or published as required by law must be shown by direct proof. *McCrubb v. Bray,* 36 Wis. 333; *Grantier v. Rosecrance,* 27 id. 488; *Ruth v. Oberbrunner,* 40 id. 267; *Gibbs v. Shaw,* 17 id. 197; *Hall v. Graham,* 49 id. 553; *Matteson v. Smith,* 37 id. 333; *Hill v. Hoover,* 5 id. 354; *Pollard v. Wegener,* 13 id. 569. "Full compliance with the statute must appear upon the face of the proceedings."

*Appeal of Royston*, 53 Wis. 612.   The affidavit of publication in this case only amounts to proof that the notice was published once, to wit, on May 9th.   R. S. secs. 4174–76; *Hill v. Hoover*, 5 Wis. 354; *Sibley v. Waffle*, 16 N. Y. 180. The recital in the order, that notice had been duly published, referring in terms to the affidavit, negatives the pre·sumption of other proofs.   *Pollard v. Wegener*, 13 Wis. 569; *Gibbs v. Shaw*, 17 id. 197; *Sibley v. Waffle*, 16 N. Y. 180.   The court therefore had no jurisdiction to admit the will to probate.   *Mohr v. Tulip*, 40 Wis. 77; *O'Dell v. Rogers*, 44 id. 136; *Eaton v. Lyman*, 33 id. 34; *Pollard v. Wegener*, 13 id. 569; *Blodgett v. Hitt*, 29 id. 169.   And the will not being legally admitted to probate, no administrator could be appointed, even upon proper notice.   *Chase v. Ross*, 36 Wis. .267.   The acts of an administrator not legally appointed, though done by order of the court, are void.   *Sitzman v. Pacquette*, 13 Wis. 305.

Even if the will was properly proved and administration properly granted, the decree assigning the estate is void. The record shows that there was no proof that the debts had been paid, and the time limited for creditors to present their claims had not expired.   There could have been no way of knowing that the debts had been paid; and there was no claim that the legacy had been paid.   The time had not come to construe the will and assign the estate.   Without any account being rendered or statement made, without any petition or request from the administrator or any one, without giving notice to any one, and without the presence of any one, so far as appears, the court "assigns" the estate to the widow.   This assignment was, therefore, void as to defendant and all others not appearing, and the assignee acquired no title to the property. *Murphy v. Hanrahan*, 50 Wis. 490; *Estate of Kirkendall*, 43 id. 176; *Melms v. Pfister*, 59 id. 186; *Marshall v. Pinkham*, 52 id. 572, 590; *Ruth v. Oberbrunner*, 40 id. 267;

*Bresee v. Stiles,* 22 id. 120; *O'Dell v. Rogers,* 44 id. 136; *Denning v. Corwin,* 11 Wend. 647; *Baker v. Baker,* 57 Wis. 395.

*H. K. Butterfield,* for the plaintiff.

CASSODAY, J.   1. The certificate of acknowledgment of the mortgage appears upon its face to have been executed on the day found by the court, and which was the same as the date of the note.   Such certificate was, at least, presumptive evidence that the note and mortgage were executed and delivered at that time.   *Smith v. Allis,* 52 Wis. 337; *Pereau v. Frederick,* 17 Neb. 117.   The cancellation of the stamp bears the same date.   These support the finding upon this fact, and no exception is taken thereto.   The mere fact that an earlier date appears at the commencement of the mortgage is immaterial, and constitutes no variance; especially as the complaint nowhere refers to the date of the mortgage as descriptive.

2. It is said that the plaintiff failed to prove title to the note and mortgage.   He claims such title under and by virtue of the following papers, proceedings, and transfers in the record, and undisputed: April 18, 1868, the mortgagee, Joseph Schantz, made his last will and testament, wherein he gave all his property to his wife, Anna Maria Schantz, also named therein as sole executrix; subject, however, to the payment of his debts, funeral expenses, and a legacy of $500 to a daughter.   June 11, 1870, Joseph Schantz died, without having surrendered or assigned the note and mortgage.   November 26, 1870, the will was filed with the probate judge.   May 8, 1871, the requisite petition of Adam Schantz for the probate thereof was filed in the probate court.   Thereupon, and on May 8, 1871, it was in effect ordered by said probate judge that proof of said instrument, and all other matters pertaining to the granting of administration of said estate, be heard before him May

31, 1871, at 11 o'clock A. M., and it was thereby further ordered that notice thereof be given to all persons interested, by the publishing of a copy of said order for three weeks successively, prior to said day of hearing, in a weekly newspaper named. The affidavit of the printer of said newspaper, sworn to and filed with said probate judge May 31, 1871, was to the effect that said order had been "published in said newspaper for ——— successive weeks, commencing on the 9th day of May, 1871." May 31, 1871, such hearing was had, and thereupon it was ordered and adjudged that said will be, and the same was thereby, admitted to probate, and the said Adam Schantz appointed administrator of said estate upon giving the requisite bond; and allowing six months to creditors to present and prove their claims against the estate, and one year for the payment of debts and legacies and the settlement of the estate, with other directions usually contained in such order. That order recited, among other things, that it was made pursuant to the order of May 8, 1871, and the affidavit "showing that the notice required by said order to be given" had "been duly published as ordered, being filed." Upon the same day the administrator gave his bond and qualified, and letters of administration were issued to him. The real estate was appraised at $3,500, and the personal estate, including the note and mortgage, at $521.50. September 2, 1871, the county judge fixed December 2, 1871, as the time for hearing and adjusting claims against the estate; and the notice thereof was published for four successive weeks, commencing September 5, 1871. Such proceedings were thereupon had in said probate court in said matter, that October 26, 1871, said court assigned and decreed unto the said Anna Maria Schantz all of said estate, both real and personal, in pursuance of the provisions of the will; subject, however, to the payment of the legacy, debts, funeral charges, and expenses of administration. February 24, 1872, the de-

fendant petitioned the said county court to be allowed to prove up certain claims against said estate, in which he mentioned the fact that letters of administration had been granted upon said estate. There were also in evidence an assignment of said note and mortgage to Jacob Schantz by Anna Maria Schantz, made January 22, 1874; also an assignment by said Jacob Schantz to John Rosenheimer, as administrator of the estate of L. Rosenheimer, deceased, executed April 22, 1882; also an assignment by said John Rosenheimer, as such administrator, to this plaintiff, executed April 4, 1884. These several assignments were all recorded.

The contention is that, as the proof fails to show affirmatively that the notice for the hearing of the probate of the will was published for three successive weeks, the court was without jurisdiction, and hence the subsequent order of assignment void.

Most of the cases relied upon involved the title to real estate. In some, it affirmatively appeared that the notice was necessarily short. Here, the question relates solely to the transfer of the note and mortgage constituting a part of the estate of the deceased. The first publication was May 9th, and the hearing was not until May 31st; so there were twenty-two days, exclusive of the day of the first publication. The order directed such publication for three successive weeks. The time allowed was sufficient. The order or judgment of probate recited that the notice was given as required. Every county court is a court of record. Sec. 2448, R. S.; *Chase v. Whiting*, 30 Wis. 547. The judgment of probate is entitled to faith and credit so far as it relates to the question here involved, unless it was made without jurisdiction. True, we are to look at the affidavit of publication. In that we find that through some inadvertence the number of "successive weeks" is left blank. Since there were three such weeks intervening, we would natu-

rally suppose that there was a publication in each such week as ordered. In that respect "the record is merely silent," and the validity of the probate may therefore be presumed after the lapse of so many years. *Blodgett v. Hitt*, 29 Wis. 169. Besides, the court had power to appoint a special administrator without notice to any one. Sec. 3810, R. S. The statute, moreover, provides that "such special administrator shall have power to collect all the goods, chattels, and credits of the deceased, and, with leave of the court, . . . may for such purposes [as therein mentioned] commence and maintain actions as an administrator, and sell such personal property of the deceased as the court may direct." Sec. 3811, R. S. Here, the transfer of the note and mortgage and other personal property to the widow was made in pursuance of the will, by order of the county court, and the action or delivery by the administrator. For the purpose of making such transfer of the note and mortgage we think the administrator in question must be regarded as having at least the powers of such special administrator. The legal title of the note and mortgage was certainly in him, as against the debtor and mortgagor. No creditor or other person having any claim upon the estate of the deceased is here contending. The defendant is in no way interested in the ownership of the note and mortgage, except in procuring a valid discharge and satisfaction upon his payment of the judgment.

There is another reason why this defendant should not, after the lapse of fifteen years, be allowed to question the validity of such transfer. The note and mortgage were included in the inventory, and appraised as a part of the assets of the estate. They were assigned to the widow by the order of the county court. Within four months after the making of that order, the defendant petitioned that court for the allowance of certain claims against the estate, and therein asserted that " he did not know until quite recently

that letters of administration had been granted on the estate of said deceased." He lived near his father. He must have known of his death. He knew the note and mortgage had not been surrendered up to him, nor discharged of record. These facts, with the confession that he knew such letters of administration had been granted, are sufficient to charge him with knowledge of the. making of such assignment by the court. It is true that his application was denied. But it was an appearance in the case, and if he was " aggrieved by any act of the county court," he had his remedy by an application to the circuit court for the allowance of an appeal at any time within one year after the act complained of. Sec. 4035, R. S. Such appearance and opportunity of contest would seem to be sufficient to estop the defendant from questioning the validity of such transfer in a case like this. *Grantier v. Rosecrance*, 27 Wis. 488; *O'Dell v. Rogers*, 44 Wis. 136.

Other objections to such assignment relate to matters which in no way concern the defendant as mortgagor and debtor to the estate, and that is the only capacity in which he here appears. Besides, such other objections go merely to the regularity of the proceedings, and they are not open to attack collaterally.

3. The mere fact that the defendant's father casually borrowed of him twenty dollars, four years before his death, is not such evidence of the payment of that amount upon the note and mortgage as will justify us in disturbing the findings of the trial court. No do we feel called upon by the evidence to disturb such findings merely because the court did not allow the defendant twenty-five cents more a day for his services.

4. We think the court properly refused to allow, as payment upon the note and mortgage, the services of the defendant in helping to take care of his father in his last sickness. There was no proof to sustain it as a payment.

It was not available as a counterclaim. *Carpenter v. Murphey*, 57 Wis. 541. The statutes prescribe the methods and tribunal for the allowance of claims against the estates of deceased persons. *Ibid.* The defendant understood this when he presented his petition to the county court.

5. We cannot disturb the judgment because the court did not find that there was a larger amount due upon the note and mortgage. It was a question of fact for the trial court, and we accept its findings as sustained by the evidence.

6. We cannot disturb the judgment for the disallowance of attorney's and solicitor's fees. Each party claimed more than he was entitled to. It is a case in equity. In all such "equitable actions, costs may be allowed or not to any party, in the discretion of the court." Subd. 7, sec. 2918, R. S.; *Mowry v. First Nat. Bank*, 66 Wis. 539, 550. We find no warrant for saying that there was any abuse of such discretion.

*By the Court.*— The judgment of the circuit court is affirmed on both appeals.