# HYMAN HARRIS, Appellant, *v.* RICHARD CHIPMAN, Respondent.

PROBATE COURT.—LETTERS OF ADMINISTRATION.—COLLATERAL ATTACK.—Letters of administration cannot be attacked collaterally, either upon the ground that no bond had been given by the administrator or that the letters granted were not under seal.

ID.—ID.—STATEMENT OF THE CASE.—Where a contract to convey land was entered into, and the purchaser refuses to perform because the title is not good and marketable and the objections

made to the title are that the administrator gave no bond and that the letters granted ,were not under seal, the land having passed through the probate court as part of an estate; *held*, that neither objection was ground for attacking the decree of distribution.

VENDOR AND PURCHASER.—OBJECTIONS TO TITLE.—CHANGE OF POSI-TION.—Where the purchaser makes an objection to the title tendered him, he cannot after litigation has been begun change his position by making a different objection.

APPEAL from a judgment of the district court of the third. district and from an order refusing a new trial. Hon. Charles S. Zane, judge. The opinion states the facts.

*Mr. Frank Pierce* and *Mr. Orlando W. Powers*, of counsel, for the appellant.

The title was not marketable, because not free from litigation, palpable defects, grave doubts and not fairly deducible of record. *Turner* v. *McDonald*, 76 Cal. 181; *Sheehy* v. *Miles*, 93 Cal. 288; *Reynolds* v. *Borel*, 86 Cal. 538; *Martin* v. *Judd*, 81 Ill. 488; *Richmond* v. *Gray*, 3 Allen 25; *Sturtevant* v. *Jones*, 14 Allen 523; *Smith* v. *Taylor*, 82 Cal. 538.

The bond not having been given by the administratrix, the whole probate proceedings were void, and the purchaser was not required to take a title passing through an unprobated estate. Warvelle on Vendors, sec. 7, p. 311. Woerner on Administration, secs. 249, 353; *Feltz* v. *Clark*, 4 Humph. 79; *O'Neal* v. *Tisdale*, 12 Tex. 40; *Pryor* v. *Downey*, 50 Cal. 399, estate of Hamilton, 34 Cal. 469; *Aldrich* v. *Willis*, 55 Cal. 81; Schouler on Executors, secs. 118, 136, 141.

The letters were not under seal. Laws of Utah 1876, sec. 798; Woerner's Administration, sec. 264; *Tuck* v. *Boone*, 8 Gill, 187. The title must be a good record title,

not to be proven by evidence *aliunde*. *Smith* v. *Taylor,* 82 Cal. 538; *Moore* v. *Williams,* 12 Am. St. Rep. 844.

*Messrs. Bennett, Marshall and Bradley,* for the respondent.

MINER, J.:

The plaintiff alleges that on the 17th day of June, 1890, the parties hereto entered into a written contract, whereby it was agreed that the defendant should sell to the plaintiff, and plaintiff should buy of defendant, a certain piece of property in Salt Lake City for the consideration of $5,250. The property was to be conveyed on or before July 17, 1890, and the title was to be good and marketable. Seven hundred dollars were paid down. The defendant failed to furnish a good and marketable title, as agreed, and this action is brought to recover back the $700 paid for the use of the plaintiff. The respondent denied the allegations in the complaint, and claimed the title was good and marketable; that he tendered a good and sufficient warranty deed, with full abstract of title, as agreed. The court found the issues for the defendant, for which same plaintiff appeals from an order denying him a new trial.

The proof shows that, in 1873, Robert Wright owned the property, and died in 1874, leaving Elsie Wright, his widow and heir, and two minor children, both of whom died in 1874. That the widow remained in possession until 1879, when she conveyed it to Joseph Sowden, and he, through his grantors, conveyed it to defendant. No one disputed her right. Robert Wright left no debts, and the funeral expenses and expenses of administration are all paid. That in September, 1877, the probate court made an order setting aside said property for sole use and benefit of Elsie Wright. And evidence was introduced tending to show that.

defendant made tender of deed, and complied with his agree.
ment.

The plaintiff contends that in the settlement of the estate
of Robert Wright, in 1877, the order of the court appoint.
ing Elsie Wright administratrix of said estate, the clause in
the blank requiring a bond to be given was erased, as ap-
pears by the files in the office, and claims no bond was given
by the administratrix as required by law. The clerk of the
probate court testified that he was unable to find any bond
among the files; that at this early date none of the papers
in the probate court were recorded, and he could not say
whether a bond was filed or not; that such papers were
frequently taken out and kept by attorneys for months;
that it was the custom of the office to keep the original
letters in the files, and give certified copies to administra-
tors. A copy of the letters of administration was in evi-
dence, but had no seal attached, and other files were also
in evidence. Under this state of facts the probate court
proceeded to administer the estate, and treated Elsie Wright
as duly-qualified administratrix. Fifteen years have elapsed
since such administration. Letters of administration were
duly issued to Mrs. Wright, and the property was awarded
to her under its decree. The proof offered, that no bond
had been given, was not conclusive on that point. In such
case, error must be shown. It cannot be inferred, except
where such inference is inevitable. Everything consistent
with the record, which would have warranted the appoint-
ment and issue of letters of administration, will be presumed
to have existed, and to have been found and acted upon
by the probate court. "Acts done by the court, which pre-
suppose the existence of other acts to make them legally
operative, are presumptive proof of the latter." *Schnell* v.
*Chicago*, 38 Ill. 382; *Bank* v. *Dandridge*, 12 Wheat. 70; *Mc-
Nilt* v. *Turner*, 16 Wall. 363. Even if it were shown that

the administratrix failed to give a bond in this case, this fact would not necessarily avoid the letters of administration, but would only make them voidable, to be corrected on appeal. 1 Woerner, Adm'n, 546; *Ex parte Maxwell,* 79 Amer. Dec. 62; *Palmer* v. *Oakley,* 2 Doug. (Mich.) 433; *Bloom* v. *Burdick,* 37 Amer. Dec. 301; *Slagle* v. *Entrekin,* 44 Ohio St. 637, 10 N. E. Rep. 675; *Portz* v. *Schantz,* 70 Wis. 497, 36 N. W. Rep. 249; *Duffin* v. *Abbott,* 48 Ill. 17; *Wescott* v. *Cady,* 5 Johns. Ch. 335.

The appellant objects that the letters of administration were not made under seal. These letters concluded with the words, " Witness my hand, with the seal of said court hereto affixed, this first day of October, 1877," and were signed by the clerk. These letters were followed by an order of the court, dated October 26, 1877, setting apart said property for the sole use and benefit of Elsie Wright, and the objection may be answered by the authorities sustaining the doctrine already announced. The authentication of the letters as these were authenticated was held sufficient in *Witzel* v. *Pierce,* 22 Ga. 112. But, without relying upon this authority, let us see what appellant's first objection was to this title. It appears from the record that appellant refused to pay for the land, and declined to receive the deed, on the single and only ground that the absence of the bond avoided the administration, and made the title defective. No other objection was made or urged at the time for the refusal to accept the title, and the letter of advice of appellant's attorney places the defect on this ground only. It was held in *Railway Co.* v. *McCarthy,* 96 U. S. 267, " that, where a party gives a reason for conduct and decisions touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and different consideration. He is not permitted to change his hold. He is estopped from doing it by a settled principle of law."

*Tayloe* v. *Insurance Co.*, 9 How. 390. The objection is taken that the court erred in allowing the defendant to introduce oral evidence outside the record title tending to show title under the statute of limitation, and under the contract proven in this case calling for a good marketable title. No exception was taken to the admission of this testimony, and we do not consider it necessary to review the many conflicting authorities bearing upon it, as the main question has already been disposed of. The judgment of the court below is affirmed, with costs.

BARTCH, J., concurred.