[Argued April 20; Decided May 1, 1897.]

WYATT *v.* HENDERSON.

(48 Pac. 790.)

MOTION FOR JUDGMENT—SUFFICIENCY OF COMPLAINT ON APPEAL.—The allegations and admissions in a reply cannot operate to render a complaint which is sufficient on its face obnoxious to an objection that it fails to constitute a cause of action, but if the admissions of the reply so contradict the allegations of the complaint as to defeat the right of action the remedy must be by motion for a judgment on the pleadings.

ESTOPPEL TO CHANGE POSITION AFTER SUIT.— After a party to a controversy has assumed a position he cannot during the progress of the litigation change his ground, as, for example, in a replevin action for goods in store, the warehouseman cannot answer denying plaintiff's ownership, and then on the trial claim to hold the property under a lien for storage.

IMMATERIAL EVIDENCE.— Warehouse receipts are inadmissible on behalf of a warehouseman to show the quantity of goods delivered to him, in an action for such goods by one who does not claim under the receipts, or the person to whom they were issued.

From Linn: GEORGE H. BURNETT, Judge.

Action by E. T. Wyatt against George Henderson and J. W. Stuchell to recover possession of certain oats. There was a verdict and a judgment for what portion of the property remained on hand, and defendants appeal.

AFFIRMED.

For appellants there was a brief over the names of *W. R. Bilyeu,* and *Williams, Wood & Linthicum,* with an oral argument by *Mr. Bilyeu.*

For respondent there was a brief over the names of *James K. Weatherford,* and *Blackburn & Somers,* with an oral argument by *Mr. Weatherford.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an action to recover the possession of five thousand bushels of oats, or, if the same cannot be had, the sum of $1,250, as the value thereof. The facts are that on September 11, 1894, one J. C. Bohannon, in consideration of $1,300, executed to the plaintiff a bill of sale of a quantity of oats, which recited that one thousand bushels were then stored in the

31 Or.— 4.

defendant's warehouse, and the remainder, or five
thousand bushels, was in sacks on the plaintiff's farm
in Linn County.  Bohannon having agreed, as a part
of the consideration, to haul the latter quantity to the
said warehouse, delivered the same thereat, but took,
in his own name, negotiable warehouse receipts there-
for, as follows: No. 115, September 18, 1894, eight
hundred and seven thirty-sixth bushels; No. 127, Sep-
tember 22, 1894, two thousand six hundred and thirty
two and twenty two thirty-sixth bushels; No. 129,
September 24, 1894, three hundred and eighty-one
and twenty-four thirty-sixth bushels; and No. 131,
September 24, 1894, two hundred and eighty-three
and thirty-three thirty-sixth bushels, in each of which
it was stipulated that the grain was received on stor-
age until June 1, 1895, at two cents per bushel, and
that if such receipt were purchased by any one ex-
cept the defendant the holder thereof would be
obliged to pay for the sacks and storage before the oats
would be delivered.  On September 18, Bohannon
assigned to the defendants receipt No. 115, and the
value of the oats therein represented was credited
on a debt due from him to them, and three days
thereafter they shipped and delivered to Everding
and Farrell at Portland six hundred and ninety-five
bushels and twenty-six pounds of said grain.  On
September 24, at Bohannon's request, they negotiated
a sale of the oats represented in receipts numbered
129 and 131, and shipped the same to Banford &
Rand at Portland.  Bohannon assigned and deliv-
ered to E. E. McKinney & Company, at Albany,
receipt No. 127, but at the trial of this action

the same had not been returned to the defendants, and the oats therein represented were in their possession.     The complaint alleges that plaintiff is the owner and entitled to the possession of five thousand bushels of oats, in store in defendant's warehouse, and which were placed therein by Bohannon, and is the same grain that was raised by the latter on plaintiff's farm; that on September ——, 1894, the defendants were and now are in possession of said property, and on October 8 of that year plaintiff duly demanded possession of the same, but the defendants refused to deliver any part thereof, and unlawfully retain the possession of the same.

The answer, after denying the material allegations of the complaint, alleges that the defendants were engaged in operating a warehouse for the purpose of storing grain for hire; that, as such warehousemen, it became their duty to issue warehouse receipts for grain received; to hold said grain subject to the demands of the holders of such receipts; and to charge therefor the sum of two cents per bushel and sackage for grain so stored; that Bohannon, having in his possession and being the ostensible owner of a quantity of oats, notoriously and openly held himself out to the world as the actual and bona fide owner thereof, and hauled and delivered the same to the defendants at their warehouse, and upon his demand therefor they issued to him said warehouse receipts for four thousand and ninety-eight bushels and fourteen pounds. And, after detailing the manner of disposing of the receipts and of the grain represented thereby, as hereinbefore stated, the answer further alleges "that they

have at all times been and now are ready and willing to deliver said oats and every part thereof to the lawful owners and holders of said receipts, upon payment of their just charges for the storage and sackage of said oats, and that plaintiff has not at any time made demand on defendants for said oats or any portion thereof, or exhibited to defendants any right or title thereto." The reply having put in issue the allegations of new matter contained in the answer, a trial was had, resulting in a verdict and judgment that plaintiff was the owner and entitled to the possession of three thousand five hundred bushels of the said grain, or $700, the value thereof, from which judgment the defendants appeal.

It is contended by counsel for the defendants that, taking the allegations of the complaint and reply together, they show that the oats in question were stored in defendant's warehouse for hire, and, not having alleged a payment or tender of the charges due thereon, the plaintiff has failed to state a cause of action, for which reason the judgment should be reversed. The error here insisted upon is not assigned in the notice of appeal, but the objection that the complaint does not state facts sufficient to constitute a cause of action is never waived by a failure to demur or answer, and it has been repeatedly held that this question may be raised in the appellate court for the first time, and that, too, without an assignment of errors: Hill's Ann. Laws § 71; *Bowen* v. *Emmerson,* 3 Or. 452; *Evarts* v. *Steger,* 5 Or. 147; *Mack* v. *City of Salem,* 6 Or. 275; *McKay* v. *Freeman,* 6 Or. 449; *Weissman* v. *Russell,* 10 Or. 73; *Woodruff* v. *Douglas County,* 17 Or. 314 (21 Pac. 49);

*Carver* v. *Jackson County*, 22 Or. 62 (29 Pac. 77); *Ball* v. *Doud*, 26 Or. 14 (37 Pac. 70). The statute declares, in substance, that it shall be the duty of every person keeping any warehouse where grain is stored to deliver to the owner of such grain a warehouse receipt therefor, upon the presentation of which, and the payment of all charges due thereon, the owner shall be entitled to the immediate possession of the grain named in such receipt (Hill's Ann. Laws, §§ 4201 and 4206); and if any person shall safely keep in store any grain at the request of the owner or lawful possessor thereof, he shall have a lien upon the same for his just and reasonable charges, and may retain possession of such property until such charges are paid: Hill's Ann. Laws, § 3684. The complaint states that the oats were stored by the defendants in their warehouse, but it nowhere alleges that the grain was so stored for hire; and the reply, while it admits that they " operate said warehouse and conduct and run the same for the purpose of storing grain for hire, and accept and receive such grain as delivered to said warehouse and hold the same on storage," does not directly aver that the oats in question were stored therein for hire. " A plaintiff in an action or suit," says THAYER, J., in *Lillienthal* v. *Hotaling Company*, 15 Or. 371, (15 Pac. 630,) " must recover, if at all, upon his complaint. The facts constituting his cause of action or suit must there be stated; a reply can serve him no purpose except to controvert or avoid new matter set up in the answer. The old rule, that every pleading on the part of the plaintiff, subsequent to the declaration, and on the part of the defendant, subsequent to the plea, could

only be used to fortify, respectively, the declaration and plea, is still in force, in principle; and it matters not what may be alleged in a reply, if the complaint fails to state a cause of suit, the plaintiff will not be entitled to any relief." The right of a plaintiff to the relief for which he prays must be measured by the allegations of his complaint, and not by what he may aver in his reply; and if the admissions of the latter so contradict the allegations of the former as to defeat the right of action, the remedy must be by motion for a judgment on the pleadings; and where the allegations in an answer which constitute a complete defense to plaintiff's cause of action are not denied by the reply judgment will be rendered for the defendant upon motion therefor, notwithstanding a verdict for the plaintiff: *Benicia Agricultural Works* v. *Creighton*, 21 Or. 495 (28 Pac. 775, 30 Pac. 676). The complaint in the case at bar is in the usual form, and states facts sufficient to constitute a cause of action, and hence it is not vulnerable to the objection urged against it.

The defendants having denied, upon information and belief, that the plaintiff was the owner or entitled to the possession of any of the said oats, cannot now be permitted to say that their refusal to deliver the grain in question was caused by the failure of the plaintiff to pay the storage thereon. The refusal of the defendants to deliver the grain was put upon the ground that plaintiff was not the owner of the property, and upon this theory he would not be entitled to nor could he obtain the possession of the oats by the payment or tender of the costs of storage. If the defendants received this grain on storage from the

owner thereof, to whom they issued receipts therefor, they would be entitled to a reasonable compensation for their care, and could hold the property until this sum was paid by the lawful holders of the receipts, but they could waive the lien thus given them by the statute: 28 Am. and Eng. Encl. Law, (1st ed.,) 666. "Where a party," says Mr. Justice SWAYNE, in *Railway Company* v. *McCarthy*, 96 U. S. 258, "gives a reason for his conduct and decision touching anything in action in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law." The rule is well settled that a bailee cannot be allowed to deny a plaintiff's title to property before suit is brought, and afterwards defeat a recovery by setting up a lien thereon: *Dows* v. *Morewood*, 10 Barb. 183; *Holbrook* v. *Wight*, 24 Wend. 169 (35 Am. Dec. 614); *Wallace* v. *Minneapolis Elevator Company*, 37 Minn. 464 (35 N. W. 268); *Scott* v. *Jester*, 13 Ark. 437; *Hanna* v. *Phelps*, 7 Ind. 21 (63 Am. Dec. 410); *Rogers* v. *Weir*, 34 N. Y. 463; *Leigh* v. *Mobile R. Company*, 58 Ala. 165. It is contended that the court erred in refusing to allow defendants to introduce in evidence the warehouse receipts, for the purpose of showing that storage was due on the oats in question. But this must prove unavailing for it was claimed by the defendants at the trial that plaintiff had no title to the grain, and hence he could not be charged with any storage thereon. A bailee who alleges the title to be in another does so at his peril, and, by retaining the goods, he makes him-

self a party to the controversy, and must stand or fall
by the title of his alleged bailor: *Rogers* v. *Weir*, 34
N. Y. 463. The defendants, by executing to Bohan-
non warehouse receipts for the grain, and subse-
quently taking an assignment of these evidences of
deposit, recognized the latter's ownership of the oats,
upon the faith of which they denied the plaintiff's
title, which was not derived from any of these re-
ceipts.

Nor do we think there was any error committed in
the court's refusal to permit the witness George Hen-
derson to testify concerning said receipts, to the effect
that all the oats received from Bohannon during the
year 1894 was included therein, or in refusing to per-
mit him to testify that there was storage due the de-
fendants thereon. The defendants, in order to limit
the plaintiff's recovery, had the undoubted right to
show the quantity of oats so delivered by Bohannon,
but to permit them to prove this fact by the introduc-
tion of the receipts in question, which were not exe-
cuted to the plaintiff, would be equivalent to allowing
a party unlawfully to obtain a given quantity of any
commodity, and to defeat a recovery of the possession
of a portion thereof by the introduction in evidence
of his own self-serving declarations. The only pos-
sible object defendants could have had in seeking to
show that storage was due on this grain was to insist
upon the maintenance of a statutory lien thereon, un-
der which they expected to hold the oats until their
charges had been paid, and thus defeat the action for
the recovery of possession; but, by denying the plain-
tiff's ownership, the lien given by statute was waived,

and the title to and the quantity of the grain being the only issues for trial, the amount due for storage was immaterial. Counsel for the defendants, in their brief and argument, insist upon other alleged errors of the trial court, but as they are not, in our judgment, properly assigned in the notice of appeal, we do not deem it necessary to consider them, and hence it follows that the judgment is affirmed.

AFFIRMED.