## J. T. SANDEFUR v. H. H. HINES.

### No. 13,600. (76 Pac. 444.)

#### SYLLABUS BY THE COURT.

1. AGENCY — *Commission for Sale of Real Estate.* A broker employed to sell land is entitled to his commission when he is the procuring cause of a sale and has produced a buyer who is ready, willing and able to pay the agreed price and to consummate the sale.

2. ———— *Change of Reasons by Owner after Action Begun.* Where a party bases his refusal to consummate a sale of property in accordance with an alleged agreement upon one ground, he cannot, after litigation has begun, change his position and defend such refusal upon another and wholly different ground.

3. ———— *Evidence Sufficient to Show Authority and Sale by Agent.* Upon an examination of the testimony in the record, it is *held*, that it fairly tended to show the employment of an agent by the owner of land to procure a purchaser, and that the agent did produce a purchaser ready, willing and able to complete the purchase on the authorized terms.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 9, 1904. Reversed.

*J. P. Rossiter*, for plaintiff in error; *Ayres & Dana*, of counsel.

*J. B. & W. E. Ziegler*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by J. T. Sandefur to recover from H. H. Hines the sum of $500 as commission for procuring a purchaser for certain real estate of Hines's in Coffeyville. Defendant denied that Sandefur was his agent or that he had been employed to sell the land, and when plaintiff had rested the trial court sustained a demurrer to his evidence.

The only question presented here is, Did the testimony, when viewed in the light most favorable to plaintiff, tend to show his employment by the defendant to find a purchaser for the real estate, and that he procured a purchaser ready, able and willing to take the property at the stipulated price? It is well settled that a broker employed to sell land is entitled to his commission when he is the procuring cause of a sale, and has produced a buyer who is willing and able to pay the agreed price and to consummate the sale. The testimony tended to show that Sandefur was a real-estate agent and had been engaged in the business at Coffeyville for about ten years; that about the 1st of January, 1902, he asked Hines to place his property with him for sale, but Hines said he did not then desire to sell, but that later he might want to do so and he would then let him know. About the middle of January, 1902, Sandefur wrote Hines asking him to list the property with him for sale. In response to these requests Hines wrote the following letter:

"WINFIELD, KANS., Feb. 5th, 1902.
*Thos. Sandefur, Esq., Coffeyville, Kans.:*

DEAR SIR—Some time ago you wrote me regarding the sale of my building there. At that time I did not want to sell but have decided now to do so. I will make you a price on the building, and if you can find a buyer for me let me know as soon as possible. I want five thousand dollars cash. There is at present a mortgage of one thousand dollars on it. The buyer can assume the mortgage if he so desires and pay me $4000. I want to sell the property so I will get $4000 cash clear out of it besides your commission; so you must add your commission to the selling price ($5000). Let me hear from you at your earliest convenience.        Yours truly,
H. H. HINES."

Immediately after the receipt of this letter Sandefur took steps to sell, and after some correspondence and negotiations he did, in the early part of June, 1902, procure a purchaser who was ready and willing to take the property for $5500 and to pay the price in cash. When informed that the property had been sold and he was requested to complete the sale, Hines said he had raised money by the sale of other property, and, therefore, did not need money and would not sell or convey the Coffeyville property. We think the evidence was sufficient to take the case to the jury.

Defendant's contention is that there was no employment because there was no reply to his letter and no acceptance of the offer which he had made. His letter, however, was a response to the proposal previously made by Sandefur to him. He had been asked to list his property with Sandefur, and in compliance with the request he did so in the letter of February 5, 1902. The testimony, taken together, is open to the interpretation that his letter was an acceptance of the proposition made by Sandefur to sell the property at such price as Hines might list it. It is true that, at the close of the letter, there was a request for an early reply, but that is substantially a repetition of the request earlier made in the letter that "if you can find a buyer for me let me know as soon as possible." This statement indicates that the reply or response contemplated by Hines was a notice that a purchaser had been found.

Another consideration which weighs against the defendant is that when informed that a purchaser had been found he did not question the employment of plaintiff and did not object to the terms of the sale. He based his refusal to complete the sale on the single ground that he was no longer in need of money,

having raised it by the sale of other property.   His conduct at that time was some evidence tending to show an employment of Sandefur, and further, that the sale conformed to the instructions given by Hines to his agent.

The contention of no agency, and therefore no liability, which the defendant now makes, is wholly inconsistent with the position which he took when he refused to complete the sale and when the defendant's cause of action accrued.   It is not becoming in him to place his refusal on one ground, and, when the plaintiff has been driven into litigation to enforce the contract, to defend his refusal on another and wholly different ground.   The rule applicable in such cases was stated in *Redinger v. Jones*, 68 Kan. 627, 75 Pac. 997, in which Mr. Justice Burch made the apt quotation that, "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration.   He is not permitted thus to mend his hold ; he is estopped from doing it by a settled principle of law."   (*Railway Co. v. McCarthy*, 96 U. S. 258, 24 L. Ed. 693, and cases there cited.   See, also, *Davis v. Wakelee*, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578 ; *Davis & Rankin Bldg. & Manuf'g Co. v. Dix*, 64 Fed. [C. C.] 406 ; *Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co.*, 87 Ala. 305, 6 South. 196 ; *Harriman v. Meyer*, 45 Ark. 37 ; *McDonald v. Hooker*, 57 id. 632, 22 S. W. 655, 23 S. W. 678 ; *Wallace v. Minneapolis & Northern Elevator Co.*, 37 Minn. 464, 35 N. W. 268 ; *Wyatt v. Henderson*, 31 Ore. 48, 48 Pac. 790 ; *Harris v. Chipman*, 9 Utah, 101, 33 Pac. 242 ; *Ballou v. Sherwood*, 32 Neb. 666, 49 N. W. 790, 50 N. W. 1131 ; *Frenzer v. Dufrene*, 58 id. 432, 78 N. W. 719 ; 9 Rose's Notes [U. S.] 424.)

The defendant's demurrer to the evidence admitted every fact and every inference which the testimony most favorable to the plaintiff tended to prove, and when the testimony in the case is measured by the rules applicable to a demurrer to the evidence it must be held that it tended to prove the cause of action alleged, and therefore the judgment must be reversed and the cause remanded for a new trial.

All the Justices concurring.