No. 37,402

JEROME K. WILSON, Administrator C. T. A. of the Estate of E. L. Johnson, *Appellant*, v. H. H. COLBURN, *Appellee*.

(206 P. 2d 1054)

Opinion filed June 11, 1949.

*John A. Etling* and *W. N. Beezley,* both of Kinsley, and *W. C. Gould,* of Dodge City, were on the briefs for the appellant.

*O. A. Wilson* and *W. J. Glass,* both of Jetmore, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for a real estate commission. Judgment was for the defendant and plaintiff has appealed.

The plaintiff in his petition alleged that he was a real estate broker and that in April, 1946, the defendant orally listed with him for sale two sections of land with the understanding that the defendant would receive $41,000 net and plaintiff would have as his commission all that the real estate sold for in excess of $41,000; that subsequent to this listing he found a purchaser for one section for $16,000 and for the other section a purchaser for $30,400; that about May 21, 1946, he advised the defendant of the names of these purchasers and the amount they were willing to pay for the two sections, amounting to $46,400; that thereafter on May 22, 1946, the

defendant advised plaintiff that his wife refused to sign any conveyance until defendant could find a place to which he and his wife might move and that thereafter on June 10, 1946, defendant advised plaintiff that his land was no longer for sale. The petition prayed for judgment for the difference between $46,400 and $41,000, or $5,400, with interest.

In his answer, defendant first denied that he had listed the real estate at any time with plaintiff. He pleaded further that about the 28th of March, 1946, he at the request of E. W. Harlan, a real estate agent, listed the land with Harlan for a period of thirty days to be sold for $42,000, the defendant to pay a commission of $1,000 if the land was sold within a thirty-day period and shortly thereafter plaintiff came to defendant's home and represented he was working with Harlan in attempting to find a purchaser for the land and defendant alleged he did not at any time authorize the plaintiff to act as his agent and did not accept his services otherwise than as a representative of Harlan and that when the thirty days had elapsed defendant canceled Harlan's authority.

In the reply plaintiff alleged that in the month of March, 1946, he did represent Harlan in undertaking to find a purchaser for defendant's lands and that he showed the lands to prospective purchasers and that about the middle of April defendant advised plaintiff that he was taking the listing out of Harlan's hands and listed the land with plaintiff and that thereafter about the middle of April plaintiff acting independently of Harlan continued his efforts in finding a purchaser and spent his time and money from about the middle of April, 1946, until the 21st of May, 1946, at which time he found a purchaser, as alleged in his petition; that on May 21, 1946, plaintiff found a purchaser for the land and advised the defendant thereof and that he had on May 21, 1946, procured from the purchasers written contracts, a copy of which contracts were attached to the petition; that checks as earnest money were attached to the contracts in favor of defendant and on May 21, 1946, the plaintiff delivered the signed contracts with the checks and defendant examined them and said he would come to Kinsley the next day and complete the transaction; that he did not come to Kinsley but on the contrary advised plaintiff by letter on that day that defendant's wife refused to sign any papers until he could find a place to live; that thereafter defendant refused to consummate the sales and on June 10 notified plaintiff that the land was no longer for sale. The

case was submitted to a jury, which returned a verdict for the defendant, and answered special questions, as follows:

"1. Did the defendant Colburn list the lands involved in this action with the plaintiff Johnson at a price of Forty-one Thousand Dollars ($41,000.00) net to the defendant Colburn? A. No.

"2. If you answer the above question in the affirmative, give the date of the listing. A. ————.

"3. Did the defendant Colburn know, prior to the reading of the contracts on May 21, 1946, that the plaintiff Johnson was claiming to act independently of E. W. Harlan and claiming a commission in an amount equal to the selling price in excess of $41,000.00? A. No.

"4. If you answer the above question in the affirmative, state when he acquired such knowledge. A. ————.

"5. What reason, if any, did the defendant Colburn give to Plaintiff Johnson as to why he, Colburn, would not sign the contracts? A. None.

"6. Were Vernon Oliphant and Lawrence Israel, who signed the written contracts for the purchase of the Colburn lands, ready, willing, and able to purchase said lands in accordance with the terms of said written contracts? A. Yes.

"7. At the time the plaintiff obtained the signatures of Vernon Oliphant and Lawrence Israel to the purchase contracts was he acting as agent of the defendant Colburn or was he acting as agent of E. W. Harlan? A. E. W. Harlan."

At the time the verdict was returned the plaintiff requested the court to require the jury to answer question No. 5 more definitely. This request was refused. Subsequently the plaintiff filed a motion to set aside the answer to question No. 5 and to substitute in place of that answer "My wife refuses to sign the papers until we can find a place to live." And that after such answer was substituted the court set aside the general verdict and rendered judgment for the plaintiff for $5,400. The plaintiff also filed a motion for a new trial on the statutory grounds. These motions were all overruled and judgment entered for the defendant—hence this appeal.

The specifications of error are that the court erred in overruling plaintiff's demurrer to the defendant's evidence and in overruling plaintiff's motion for a directed verdict for $5,400, and in refusing to set aside special findings of the jury, and in refusing to give judgment for the plaintiff notwithstanding the general verdict, and in giving instruction No. 5 and in refusing to give instruction No. 2 requested by defendant and in denying plaintiff's motion for a new trial.

The first argument of plaintiff is that the court erred in overruling plaintiff's demurrer to defendant's evidence and in overruling

his motion for a directed verdict for $5,400. The basis of that argument is that the defendant advised plaintiff by letter that his wife would not sign the contract of sale until they had a place to which they could move. The plaintiff relies on the rule we laid down in *Sandefer v. Hines*, 69 Kan. 168, 76 Pac. 444, where we held:

"Where a party bases his refusal to consummate a sale of property in accordance with an alleged agreement upon one ground, he cannot, after litigation has begun, change his position and defend such refusal upon another and wholly different ground." (Syl. ¶ 2.)

He argues that when defendant gave plaintiff as a reason for not signing the contract of sale, the fact that his wife would not sign until they had a place to live, thereafter he could not even plead in answer to a suit for a commission that plaintiff never was his agent and he had not listed his land with him for sale.

It is true that in *Sandefer v. Hines*, supra, we said:

"The contention of no agency, and therefore no liability, which the defendant now makes, is wholly inconsistent with the position which he took when he refused to complete the sale and when the defendant's cause of action accrued." (p. 171.)

However, in that case in the first syllabus we held:

"A broker employed to sell land is entitled to his commission when he is the procuring cause of a sale and has produced a buyer who is ready, willing and able to pay the agreed price and to consummate the sale." (Syl. ¶1.)

Plaintiff cites the general rule as stated in 156 A. L. R., 602, as follows:

"As a general rule, where a landowner who has listed property for sale with a real estate broker refuses to accept an offer which is substantially in accordance with the listing, he cannot afterwards defend the broker's action for compensation on a ground not specified when rejecting the offer."

Authorities from several jurisdictions are cited in the text in support of the rule, but none of them goes so far as to hold that the fact of no listing may not be pleaded and proved in answer to an action for a commission no matter what the excuse given at the time or the failure to go ahead with the sale.

The same may be said for the other authorities upon which plaintiff relies.

There is no dispute but that defendant had listed his land with a man named Harlan for thirty days to be sold for $41,000, a commission at a rate which would have amounted to about $1,000 to be paid. There is no dispute but that when plaintiff first came to

the farm to show it to prospective buyers he was working for Harlan. The dispute in the evidence arose when there was an outright denial by the defendant that he ever listed his property with plaintiff for sale. The plaintiff testified that defendant said Harlan was not doing anything to sell his land and he was going to take the listing out of Mr. Harlan's hands and going to let plaintiff go ahead and sell if he could sell it and all he had to do was to get $41,000 net and he could have all over that amount the land sold for. That is the conversation upon which plaintiff depends to prove that the land was listed with him for sale. On the other hand, the defendant denied any such conversation and testified that he made no complaint about Mr. Harlan to plaintiff; that at the time plaintiff asked him to list the land with him he told him he would think about it. He denied categorically he had ever listed with him and denied he told him to go ahead and sell it.

Plaintiff had the burden, amongst other things, of proving the land was listed with him for sale by defendant on the terms pleaded. He met that burden, but defendant introduced substantial evidence that he had not listed the land with plaintiff. Under such circumstances the question was one for the jury. The trial court ruled correctly in overruling plaintiff's demurrer to defendant's evidence. The jury answered the question "Did the defendant Colburn list the lands involved in this action with the plaintiff Johnson at a price of Forty-one Thousand Dollars ($41,000.00) net to the defendant Colburn? A. No." There was substantial evidence to warrant such an answer.

Plaintiff does not attack that finding by motion or otherwise. We have demonstrated that the rule contended for by plaintiff does not go to the extent of holding that defendant is estopped from pleading and proving that plaintiff was not his agent when he gave some other reason for not signing the contract of sale. Hence the answer of the jury to question No. 1 might very well dispose of this appeal.

The second error argued by plaintiff is that the trial court erred in denying his motion to set aside the jury's answer to question No. 5. That question and answer was as follows: "What reason, if any, did the defendant Colburn give to plaintiff Johnson as to why he, Colburn, would not sign the contracts? A. None."

Plaintiff argues that this answer should have been stricken because of a letter defendant wrote plaintiff some days after plaintiff

had informed defendant that he had sold the land. This letter dated May 22, 1946, reads as follows:

"Dear Mr. Johnson: My wife refuses to sign any papers until we can find a place to move to. We will go to Colo. and New Mexico in a couple of days."

Defendant argues that this letter required a finding by the jury that the excuse given defendant for not signing the contracts was that his wife would not sign. The trial court took the position that the question simply called for a decision by the jury as to the veracity of plaintiff and defendant at the time when the contracts were presented to defendant. Plaintiff testified that defendant said he would come to Kinsley the next day and he and his wife would complete the deal. Defendant testified that he told plaintiff he would not sign that day but would check before he signed any papers. Defendant testified that when these contracts were presented was the first time he knew that plaintiff claimed to be his agent and that plaintiff claimed as commission all the land sold for above $41,000. Defendant admitted he sent plaintiff the letter of May 21. Plaintiff argues under the estoppel theory, to which we have already referred, that had the jury answered this question correctly the trial court would have been compelled to render judgment for him for the full amount for which suit was brought.

This point is not good for the reason already set out herein, that the estoppel theory does not require judgment where the land was not listed for sale with the plaintiff.

The same conclusion may be reached as to the further arguments made by plaintiff.

The judgment of the trial court is affirmed.