Argued 25 January, decided 27 March, 1905.

## NYE v. BILL NYE MILLING CO.

### 80 Pac. 94.

AMENDING PLEADINGS AFTER REVERSAL—DISCRETION.

1. Under B. & C. Comp. § 102, providing that the court, at any time before trial, and on such terms as may be proper, may allow any pleading to be amended, it is not an abuse of discretion, after reversal of a judgment, to permit plaintiff to amend his complaint, without imposing as a condition the payment of costs and disbursements incurred by defendant on the former trial and appeal, which were made a valid charge against plaintiff by Section 563.

REQUEST TO PLEAD AS A WAIVER OF A PRIOR PLEADING.

2. A request for time to plead is an abandonment of a pleading already filed, and the case then stands as though the prior plea had not been filed.

VACATING JUDGMENT—DISCRETION.

3. A motion to set aside a judgment being addressed to the sound discretion of the trial court, as provided by B. & C. Comp. § 103, the court's action thereon will not be disturbed except for apparent abuse of its power.

INADVERTENCE AND EXCUSABLE NEGLECT—SURPRISE.

4. On December 19 the court allowed defendant an extension of time to January 2 to file an answer. No effort was made to do so until January 4, when application was made for a further extension on the ground that it desired to plead a counterclaim, and that the facts were known only to defendant's general manager, whose absence, in consequence of his mother's death, precluded the preparation of such defense, but no attempt was made to excuse the default. Defendant's motion was denied, and judgment entered for plaintiff, whereupon defendant moved to set the same aside, and tendered an answer not alleging a counterclaim, but relying on parts of defendant's by-laws, which were at all times available. *Held,* that defendant was not entitled to vacation of such judgment on the ground that it was entered by inadvertence, excusable neglect, surprise, mistake or an abuse of discretion.

From Jackson: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by N. B. Nye against the Bill Nye Gold Mining & Milling Co. to recover the sum of $800 for services alleged to have been performed by plaintiff for the defendant, a private corporation. A former judgment having been reversed (42 Or. 560, 71 Pac. 1043), the cause was remanded, and an amended complaint filed September 15, 1903, in pursuance of previous leave of court. On that day the defendant's counsel moved to set aside the order permitting the amended complaint to be filed, and, as a condition precedent to the exercise of such discretion on the part of the court, insisted that plaintiff should be required first to pay the costs and disbursements theretofore incurred by the defendant in the circuit and supreme courts. This motion was denied December 19, 1903, and defendant allowed two days in which to file an answer, but on application therefor by defendant's counsel, supported by his affidavit that

it was necessary to plead a counterclaim as defense, a further extension was granted for that purpose to January 2, 1904. No answer was filed, however, within the time prescribed, but two days thereafter the court was asked to grant another extension of 30 days to plead, the application being supplemented by the affidavit of defendant's counsel to the effect that the general manager of the corporation had been called East by the illness of his mother, who had since died, and that no other person, within his knowledge, could furnish the facts necessary to be stated in the answer to constitute the defense relied upon. The motion was denied on the day it was interposed, and judgment was thereupon entered against the defendant for the sum demanded.

The defendant's counsel, on February 4, 1904, moved the court to set aside the judgment, on the ground that at the time it was given their client was entitled to a trial of the action by reason of the fact that the original answer had never been withdrawn, that the judgment was rendered against defendant by reason of its mistake, inadventence, surprise, and excusable neglect, and that a valid defense to the amended complaint existed on the merits, as was evidenced by an answer which was therewith tendered. The proposed answer did not allege any facts constituting a counterclaim, but set out what purported to be copies of parts of the by-laws of the corporation, and averred that, by reason thereof, plaintiff was estopped to assert that any sum was due him for alleged services which he may have performed for the defendant. The affidavit of W. E. Blackmer, the defendant's general manager, was submitted with the motion, showing that his mother's death prevented his return in time to prepare an answer; that, prior to his departure from the State, one D. R. Andrus, defendant's superintendent, was instructed to keep him advised in relation to the condition of this action; that on December 19, 1903, Andrus telegraphed him that the cause had been postponed, without notifying him that it was necessary that he should return in order that an answer might be filed; and that he did not know that the judgment had been rendered until January 27, 1904, when he was informed thereof at Rockford, Ill., whereupon he immediately returned to Oregon. The sworn

statements thus made are corroborated by the affidavit of Andrus, who deposes that about December 19, 1903, he understood from defendant's counsel that this cause had been continued for the term, and so telegraphed Blackmer; that he did not know that it was necessary for the general manager to return in order that an answer might be prepared; that he was not aware of the rendition of the judgment until about January 8, 1904; and that his failure to notify Blackmer was due to his misapprehension as to the postponement of the cause. The affidavit of defendant's counsel shows that, when the case was postponed, the affiant informed Andrus of the time within which the answer was required to be filed, and told him that it was necessary that Blackmer should return for that purpose; and that the failure to notify the defendant's manager resulted from the superintendent's mistake as to the extent of the continuance granted. The affidavits of the plaintiff and of his counsel are to the effect that Blackmer's return was not necessary to the preparation of the answer, which did not allege facts constituting a counterclaim, but set out certain part's of the defendant's by-laws, which were at all times in the county in which the action was tried, in the custody of the defendant, and accessible to its counsel. The motion to vacate the judgment was denied, and the defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George Frederick Martin.**

For respondent there was a brief and an oral argument by *Mr. William Ira Vawter.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by defendant's counsel that, the judgment given at the first trial having been reversed by reason of the insufficiency of the complaint (42 Or. 560, 71 Pac. 1043), the court erred in permitting that pleading to be amended, without requiring plaintiff to pay the costs and disbursements incurred by the defendant at such trial in the circuit and supreme courts. The costs and disbursements of the former trial, for the pay-

---

ment of which the defendant was liable, became, on a reversal of the judgment, a valid charge against plaintiff, which he should reimburse: B. & C. Comp. § 563. These charges being an obligation which the law imposes on the defeated party to an action, was the refusal of the trial court to prescribe the payment thereof, as a condition precedent to the filing of an amended complaint, such an abuse of discretion as to cause a reversal of the judgment? The court may at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading to be amended by adding an allegation material to the cause: B. & C. Comp. § 102. Though the legal propositions which have arisen and been decided on a former appeal became the law of the case, so far as applicable to the facts developed on a subsequent trial (*Powell* v. *Dayton; S. & G. R. R. Co.* 14 Or. 22, 12 Pac. 83), a judgment reversed is regarded as if it had never existed, and the parties are restored to their rights as they were before it was rendered: *Williams* v. *Simmons,* 22 Ala. 425. Therefore, in the case at bar, when the judgment given at the former trial was reversed, and the mandate of this court entered in the journal of the court below, the cause stood as though no trial had ever been had, thereby authorizing the circuit court to allow the complaint to be amended, in furtherance of justice, and upon such terms as to it might have seemed proper: *Lieuallen* v. *Mosgrove,* 37 Or. 446 (61 Pac. 1022). The granting or the refusal of leave to amend a pleading is a matter resting in the sound discretion of the trial court, which will not be disturbed except for an abuse thereof: *Green* v. *Iredell,* 31 S. C. 588 (10 S. E. 545). In *Gallagher* v. *Dunlap,* 2 Nev. 326, a judgment, having been rendered against the defendant on the pleadings, was reversed, with leave, granted by the supreme court, to amend the answer. In a petition for a rehearing it was insisted that the defendant should be required to pay the costs of the appeal as a condition precedent to his being permitted to amend the answer. Mr. Justice BEATTY, replying to the question thus presented, says: "We see no reason for such a course. There is nothing in the case to show us that defendant is making a sham defense. For aught we know, his defense may be a perfectly good one. We are not disposed to deprive him of the

[20—46 Or.]

opportunity of making his defense because, perchance, he may not have the ready money to pay the costs of the appeal." The transcript in the case at bar fails to disclose any fact from which an abuse of discretion can be inferred, and no error was committed in denying the motion to impose terms as a condition precedent to the right to file an amended complaint.

2. It is insisted by defendant's counsel that after the former judgment was reversed, as no new answer was filed, the original answer, so far as it put in issue the allegations of the amended complaint, constituted a defense thereto, which entitled defendant to a trial on the merits, and, this being so, the court erred in rendering judgment against it as for want of an answer. It will be remembered that the court, on December 19, 1903, having denied the motion to require plaintiff to pay the costs and disbursements of the former trial, allowed defendant two days in which to plead to the amended complaint, whereupon its counsel asked for and was granted leave until January 2, 1904, to file an answer. This application to replead constituted an election to abandon the answer (*Slemmons* v. *Thompson,* 23 Or. 215, 31 Pac. 514), though it may then have been on file: 6 Enc. Pl. & Pr. 88; *Seawell* v. *Crawford* (C. C.), 55 Fed. 729; *Robinson* v. *Keys,* 9 Humph. 144.

3. It is maintained by defendant's counsel that the judgment complained of was rendered against the defendant through its mistake, inadvertence, surprise, and excusable neglect, and hence the court erred in refusing to set aside its decision, and to permit the answer tendered to be filed. The court, on December 19, 1903, extended the time to January 2, 1904, in which to file an answer to the amended complaint. No effort appears to have been made to comply with the terms of this order until January 4, 1904, when defendant's counsel applied for a further extension of time to file an answer, without attempting, in any manner, to excuse their default. There being no answer to the amended complaint, judgment, for want thereof, was rendered against the defendant on the day the last application for an extension was made. The motions for extensions in which to file an answer, made December 19, 1903, and January 4, 1904, state that, for a defense to the amended complaint, defendant's coun-

sel desire to plead a counterclaim, but that the facts necessary to constitute such set-off were known only to the defendant's general manager, whose absence, in consequence of his mother's illness and death, precluded the preparation of the intended defense. A motion to set aside a judgment is addressed to the sound discretion of the trial court (B. & C. Comp. § 103), and its action, whether in vacating a judgment or in refusing to set it aside, will not be disturbed except in cases of apparent abuse of the power which it possesses in this particular: *Thompson* v. *Connell,* 31 Or. 231, 232 (48 Pac. 467, 65 Am. St. Rep. 818); *Hanthorn* v. *Oliver,* 32 Or. 57, 62 (51 Pac. 440, 67 Am. St. Rep. 518); *Coos Bay Nav. Co.* v. *Endicott,* 34 Or. 573 (57 Pac. 61).

4. No undue advantage should ever be taken of a party who, or whose chief witness, has necessarily been called away from the place of trial by reason of the serious illness or death of a member of his family, and if, in consequence of his absence to minister to the relief of a dangerously ill intimate relative, or to pay the last sad tribute of respect to one who in life was dear to him, a judgment has been rendered against such party, it ought to be set aside, if application therefor be made within the time prescribed, unless his presence or that of his principal witness at the trial, or in making preparation therefor, was unnecessary. An examination of the answer tendered, and a consideration of the affidavits offered in support of and opposed to the motion to vacate the judgment, induce the conclusion that the presence of the defendant's general manager was not necessary to a preparation of the answer sought to be interposed, and that no abuse of discretion is disclosed by the court's refusal to set aside the judgment. The defendant had at its command sufficient means of securing the desired information, and ample opportunity to prepare and file its answer at any time prior to January 2, 1902, but, instead of doing so, its counsel did not even ask for an extension of time until two days thereafter, when a default had already occurred.

It follows that the judgment should be affirmed, and it is so ordered. AFFIRMED.