Argued June 29, affirmed September 20, rehearing denied October 18, 1927.

## W. H. EAID *v.* NATIONAL CASUALTY CO.

### (259 Pac. 902.)

**Pleading — Allowing Trial Amendment of Complaint to Insert Therein Allegations in Reply Held in Trial Court's Discretion.**

1. Allowing plaintiff at the trial to amend his complaint by inserting therein averments as to waiver and estoppel contained in the reply, in the nature of a formal amendment, was within the sound discretion of the trial court.

**Insurance—Statements in Application as to Occupation and Income, to Affect Policy, must be as to Material Matters, and Made to Deceive (Or. L., § 6351).**

2. Statements as to occupation and income in application for accident insurance made part of policy, being under Section 6351, Or. L., deemed representations and not warranties, to affect the policy, must be as to material matters and wilfully made with intent to deceive.

**Insurance—Misstatement in Accident Insurance Application as to Applicant's Occupation Held not as Matter of Law Material.**

3. Statement in application for accident policy that applicant was a hotel-keeper, when he was operating apartment, rooming and boarding-houses, *held* not as matter of law material.

**Insurance—Insured's Explanation of Misstatement of His Occupation, in Accident Insurance Application That It was Made by Insurer's Agent After Being Informed of Facts, Held Strongly to Negative Fraudulent Intent.**

4. Insured's explanation of statement in his application for accident insurance that he was a hotel-keeper, that such classification of him was made by insurer's agent after insured had explained to him that he had been and then was operating apartment, rooming and boarding houses, *held* to tend strongly to show that the statement was not fraudulently made nor with intent to deceive insurer.

---

1. See 21 R. C. L. 573.
2. See 14 R. C. L. 1034.

Insurance—"Income" from Occupation in Application for Accident
  Insurance Held to Mean Gross Income.

5. Within an application for accident insurance, "income" from
occupation *held* to mean gross income and not net income.

Insurance — Other Defenses Held Waived by Insurer With Knowl-
  edge Giving Notice of Forfeiture on Ground of Certain Mis-
  statements in Application.

6. Where, after accident to insured, insurer, with knowledge of
the facts after deliberate and careful investigation, gives notice of
cancellation of policy on ground of certain misstatements in appli-
cation, it thereby waives other defenses, including failure to make
formal proofs of loss, blanks for which it did not send, as required
by policy, and failure to furnish report from attending physician.

Appeal and Error—Jury's Finding of Insurer's Knowledge of Facts
  on Some Evidence Thereof is Conclusive.

7. There having been some evidence of insurer's knowledge of
the facts, jury's finding against insurer on such issue forecloses the
question.

Insurance—Statute and Policy Held not to Prevent Insured from
  Showing Statement of His Occupation in His Application was
  in Good Faith on Advice of Insurer's Agent (Or. L., § 6459).

8. Section 6459, Or. L., and like provision of accident policy
that no statement by applicant not included in policy shall avoid
policy or be used in any proceeding under it, and that no agent
can change or waive any provisions of policy except on indorsed
approval of executive officer, *held* not to prevent insured from
showing that statement in his application of his occupation was in
good faith and with no intent to deceive or defraud, on the
agent's advice, as his designation of insured's occupation.

Appeal and Error—Jury's Finding on Substantial Evidence Against
  Claim of Fraud is Conclusive on Appeal.

9. Fraud being a question for the jury, its finding against it
on substantial evidence cannot be disturbed on appeal.

Insurance—Policy Held to Require Regular Visits of Physician
  Only During Confining Illness and not During Total Disability
  from Accident.

10. Requirement of indemnity policy that insured be regularly
attended by physician, found only in paragraph relating to confin-
ing illness, *held* not to apply to total disability from accident.

Insurance—Plaintiff, in Action on Policy, Held Under Statute En-
  titled to Attorney's Fee, Settlement or Tender not Having
  Been Made (Or. L., § 6355).

11. Under Section 6355, Or. L., plaintiff, in action on insurance
policy, *held* entitled to reasonable attorney's fee for failure of de-
fendant to make settlement or tender; notice of injury and claim
having been made, and proof of loss having been waived.

6.  See 14 R. C. L. 1349.

Trial—Motions for Nonsuit and Directed Verdict were Properly Denied; There Being Sufficient Evidence Supporting Complaint to Go to Jury.

12.  Defendant's motions for nonsuit and directed verdict were properly denied; there being testimony tending to support the complaint and sufficient to go to the jury.

Witnesses — Under Facts Held, Defendant was not Deprived of Right of Liberal Cross-examination of Plaintiff by Admonition to Limit It.

13.  Under all the circumstances, *held,* court's admonition to defendant as to limiting cross-examination of plaintiff was proper, and that defendant was not denied right of liberal cross-examination.

---

Accident Insurance, 1 C. J., p. 466, n. 56 New, p. 480, n. 97.
Appeal and Error, 4 C. J., p. 853, n. 59, p. 956, n. 38.
Income, 31 C. J., p. 397, n. 31, p. 401, n. 21.
Insurance, 32 C. J., p. 1279, n. 51, p. 1283, n. 93, p. 1354, n. 1, 2; 33 C. J., p. 32, n. 23, p. 127, n. 5, p. 133, n. 58, p. 134, n. 60, p. 146, n. 33, 34.
Pleading, 31 Cyc., p. 368, n. 9, p. 403, n. 22.
Trial, 38 Cyc., p. 1578, n. 40.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

The plaintiff brought this action upon the policy of insurance known as Commercial "A" Policy, No. 0321067, issued by the defendant to plaintiff on July 21, 1922, whereby it undertook to issue and provide accident indemnity to plaintiff for total disability at the rate of $50 per week, not exceeding three hundred consecutive weeks.

Plaintiff alleges, in substance, that on October 15, 1922, he stepped, or tripped, upon some object upon the sidewalk and fell with great force, and by reason thereof was immediately, continuously and wholly prevented from performing any and every duty pertaining to his occupation, and that said disability continues.  That the injuries consisted of blindness in both eyes which continued for many weeks, of bruises and lameness of the knees, back and right hip, shock

to the nervous system and a continued weakness of sight. That there is due from defendant $50 per week from October 15, 1922, for a period of thirty-eight weeks, aggregating the sum of $1,900; that plaintiff notified the defendant thereof, as provided in the policy, and otherwise duly performed all the conditions of the policy on his part, except such as were waived as set out. That plaintiff has demanded such payment; that no offer or tender of payment or settlement has been made, and more than eight months have elapsed since proof of injury, and alleges $250 as a reasonable attorney's fee in this action.

Plaintiff further alleges that subsequent to the accident and after plaintiff had given defendant notice thereof as required by the policy, the defendant contemplated a blood test to ascertain if plaintiff was subject to any syphilitic condition, and examined into plaintiff's history and the circumstances surrounding his injury; and thereafter, about January 8, 1923, with full knowledge of plaintiff's history and condition and prior to the termination of plaintiff's disability and the period for which defendant was liable under the terms of the policy, the defendant company denied liability upon or by virtue of said policy and undertook to cancel the same upon the grounds and for the reasons as claimed by defendant that the application signed by plaintiff contained certain misrepresentation with reference to his occupation and income, and upon no other grounds whatever, and by reason of the foregoing facts the defendant has waived any further or affirmative proof of the loss from or on the part of plaintiff, or any other or further performance of the terms of said contract by plaintiff, and is estopped to claim that plaintiff

has not complied with said policy relating to affirmative proof of loss or of any other provision or condition thereof.

Plaintiff further alleges that in his application his business was stated to be that of a hotel-keeper; that said statement and classification of plaintiff as a hotel-keeper was made by an agent of the defendant company after plaintiff had explained to said agent that he had been operating apartment and rooming houses and boarding-houses and had been engaged in said business for a long time and was at that time so engaged, which statements were true; that plaintiff knew nothing of the various classifications of risks made by the defendant company; that the agent of said company at the time stated that plaintiff would fall under the classification of a hotel-keeper and wrote the same on said application; that if the application is erroneous in any respect the defendant is by reason of the facts alleged estopped to claim that the same is erroneous or to claim that said statement was falsely and fraudulently made by plaintiff.

A general demurrer to the amended complaint was overruled, whereupon defendant answered admitting the issuance of the policy, denying several of the allegations of the complaint and set up five affirmative defenses.

First, that plaintiff's injury was wilfully and purposely self-inflicted; second, that the application and agreement upon which the policy was issued by the defendant, which was attached to the policy and made a part thereof, and which application was signed by plaintiff, contained the following:

"I hereby apply for a policy to be based upon the following representation of facts. I understand and agree that the right to recover under any policy

which may be issued upon the basis of this application, shall be barred in the event that any one of the following statements material either to the acceptance of the risk or to the hazard assumed by the company, is false or in the event that any one of the following statements is false and made with intent to deceive.''

That plaintiff in his application falsely and fraudulently stated as follows, to wit: ''That his business and his occupation was that of a hotel-keeper—office and supervising duties only.'' That the application was false and known by plaintiff to be false; that defendant relied upon said statements as being true; that plaintiff was not then managing any office and supervising any hotel but was pretending to be keeping a rooming-house.

Secondly, plaintiff further falsely and fraudulently stated that his income a month exceeded the amount of monthly indemnity applied for by at least 25 per cent, which was knowingly false and was believed and relied upon by defendant, in that plaintiff's income was not $50 per month nor any part thereof, and that the conduct of said rooming-house no more than paid the expenses; that over and above said expenses plaintiff had no income whatsoever. That but for such false representations defendant would not have issued said policy and that by reason thereof plaintiff is barred under his said agreement from any recovery.

Thirdly, that plaintiff failed and neglected to comply with the policy, and failed to furnish any report as provided, or otherwise, to defendant.

As a fourth defense defendant alleges that plaintiff failed and neglected to submit any proof of loss as provided by said policy and for a period of about seven months covered by said claim no notice, no

proof of loss, no verified claim or other report or notice was furnished or filed with the defendant.

As a fifth further and separate answer and defense defendant alleges that prior to the bringing of this action the defendant, upon the discovery of said false and fraudulent conduct and answer of plaintiff, canceled said policy of the date of its issuance and returned to plaintiff by draft the premium of $42.50.

Plaintiff filed a reply to the new matter contained in the answer in detail, averring in addition another explanation of statement of plaintiff in the application as to his occupation, in substance, the same as was in the complaint; that the defendant company denied liability upon the policy for the reason that the application signed by plaintiff contained certain misrepresentations with reference to his occupation and income and no other grounds, thereby waiving any other and further grounds of defense and is estopped to claim that any other or further misrepresentations were made in said application than those referred to, his occupation and income. And that defendant waived any further notice, report or proof of loss; that the premium of $42.50 returned to plaintiff was thereafter returned to defendant. The policy is set forth in full in the record. The cause was tried to the court and a jury and a verdict rendered for plaintiff. From the consequent judgment defendant appeals.               AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of *Mr. Henry S. Westbrook,* with an oral argument by *Mr. Andrew Hansen.*

For respondent there was a brief and oral argument by *Mr. W. F. Magill.*

BEAN, J.—1. It is strenuously urged by defendant that the Court erred in allowing plaintiff to amend his complaint. In the original pleadings the allegations of plaintiff, in regard to his statements to the agent concerning his occupation and allegations of waiver and estoppel, were contained in plaintiff's reply but not in plaintiff's complaint. After plaintiff's testimony was introduced in the first instance and a motion for an involuntary nonsuit was interposed by defendant and denied by the court, the plaintiff was allowed to amend his complaint by setting forth therein the matters contained in the reply regarding waiver and estoppel, and the case was continued for sixty days.

Defendant demurred to the amended complaint and contends that the court erred in allowing the amendment. The amendment inserting the averments contained in the reply in the amended complaint was in the nature of a formal amendment and did not substantially change the course of action. The matter was within the discretion of the trial court and we do not think there was any abuse in the exercise of such discretion. The continuance of the case gave the defendant ample time to attack the amendments and meet them upon the trial, to say nothing about the fact that the defendant was apprised of the claim made by plaintiff, by the averments in the reply: See Or. L., § 102; *Talbot* v. *Garretson,* 31 Or. 256, 264, 267 (49 Pac. 978); *Nye* v. *Bill Nye,* 46 Or. 302 (80 Pac. 94); *Capels* v. *Morgan,* 81 Or. 692, 696 (160 Pac. 1154, L. R. A. 1917B, 760). In *Baldock* v. *Atwood,* 21 Or. 73 (26 Pac. 1058), Mr. Chief Justice STRAHAN, at page 79, records the following language:

"The power of amendment under the code ought to be liberally exercised in furtherance of justice.

While the parties are in court they ought to be permitted to shape their pleadings in such form as they may be advised so as to present the real questions at issue, that the same may be determined with as little delay and expense as possible. Nothing is ever gained by turning a party out of court or compelling him to take a nonsuit on account of some defect in his pleading, not discovered perhaps until during the progress of the case, when an amendment could supply the defect and the action or suit be brought to an early determination.''

2–4. Defendant contends that plaintiff is not entitled to recover by reason of his statements in his application to the effect that his occupation was a hotel-keeper, and that his income per month exceeded the amount of monthly indemnity applied by at least 25 per cent, and that such statements were false and were in legal effect warranties. Defendant's assignments of error embrace these points.

Section 6351, Or. L., provides in effect that where a policy of insurance is issued pursuant to a written application which is made a part of the policy, ''the matters stated in the application shall be deemed representations and not warranties'' with certain exceptions not applicable here.

The matter stated in the application pertaining to occupation and income being deemed representations and not warranties, in order to affect the policy, must be as to material matters and wilfully made with intent to deceive: *Willis* v. *Horticultural Fire Relief,* 77 Or. 621 (152 Pac. 259); *Ward* v. *Queen City,* 69 Or. 347, 352 (138 Pac. 1067). This is pursuant to the law and the contract of the parties as embodied in the application for the policy. The statement of the plaintiff in the application as to his occupation does not appear as a matter of law to be material and the ex-

planation of the plaintiff that he stated to the agent who issued the policy that he had been operating apartment and rooming houses and was and had been for a long time engaged in such business, tended strongly to show that the statement was not fraudulently made nor with any intent to deceive the defendant company and under the testimony in the case the jury was warranted in so finding.

5. The answer of defendant alleges in regard to the statement of plaintiff in his application that his income per month exceeded the amount of monthly indemnity applied for by at least 25 per cent, that such statement was false and fraudulent, in that plaintiff's income over and above expenses of plaintiff did not exceed the indemnity of $50 per week applied for.

The word "income" defined in 4 Words & Phrases, page 3504, is as follows:

" 'Income' means that which comes into or is received from any business or investment of capital, without reference to the outgoing expenditures. The term, when applied to the affairs of individuals, expresses the same idea that 'revenue' does when applied to the affairs of a nation."

See *Bates* v. *Porter,* 74 Cal. 224 (15 Pac. 732); Anderson's Law Dictionary, p. 532. While the word "income" is sometimes used synonymously with the word "profits," it is clearly apparent that in the application of plaintiff the word was used to denote the amount received by him in his occupation in order to approximate the loss which he would sustain by reason of being incapacitated from pursuing his usual vocation. The point is not well taken.

6. It appears from the record that the defendant company attempted to cancel the policy of plaintiff and denied liability under the policy for the reasons,

as claimed by defendant, that the application signed by the plaintiff contained certain misrepresentations with reference to his occupation and income and upon no other grounds. The rule as stated by Mr. Cooley in his Briefs on Insurance, Volume 3, page 2680, is that if an insurance company attempts to cancel a policy for certain breaches, having knowledge of all the facts and circumstances pertaining to the matter, ''the company is bound by the reasons assigned, and cannot assign other reasons afterward.'' *Bonnert* v. *Insurance Co.*, 129 Pa. 558 (18 Atl. 552, 15 Am. St. Rep. 739); *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108; *Pennsylvania Fire Ins. Co.* v. *Hughes*, 108 Fed. 497; *Cahill* v. *Andes Ins. Co.*, 4 Fed. Cas. 1001; *Western & A. Pipe Lines* v. *Insurance Co.*, 145 Pa. 346 (22 Atl. 665, 27 Am. St. Rep. 703, 707, 708); *Knickerbocker Ins. Co.* v. *Pendleton*, 112 U. S. 696 (28 L. Ed. 866, 5 Sup. Ct. Rep. 314); *Royal Ins. Co.* v. *Martin*, 192 U. S. 149 (48 L. Ed. 385, 24 Sup. Ct. Rep. 247, see, also, Rose's U. S. Notes).

In the present case it appears from the letter of defendant that some two months from the date of the report of the injury and after a ''deliberate'' and ''careful'' investigation from various angles with reference to the history of plaintiff and surrounding disability and as stated by defendant when the evidence was ''completed'' and ''compiled'' and ''intact,'' the company, on January 6, 1923, undertook to cancel the policy upon the two grounds mentioned, namely, his business or occupation and his income. Thereafter the company, as claimed by plaintiff, instead of sending blanks for proof of loss as provided in the contract, notified plaintiff that it canceled the policy for the reasons mentioned. Plaintiff contends that by reason of such facts and particularly of the

attempted cancellation of the policy by the company, that it waived formal proof of loss under the instructions of the court and the jury so found. This finding was warranted by the testimony: *Ward* v. *Queen City,* 69 Or. 347 (138 Pac. 1067); *Nye* v. *Bill Nye Milling Co.,* 46 Or. 302 (80 Pac. 94).

In *Ward* v. *Queen City Ins. Co.,* 69 Or. 347 (138 Pac. 1067), the syllabus reads thus:

"Where an insurer denies liability upon a specific ground, other grounds of forfeiture at the time within the insurer's knowledge, including false swearing by the insured are waived, if the insured had taken action pursuant to the attitude taken by the insurer."

On this point Mr. Chief Justice MOORE, in *Wyatt* v. *Henderson,* 31 Or. 48 (48 Pac. 790), credits Mr. Justice SWAYNE, in *Railway Co.* v. *McCarthy,* 96 U. S. 258 (24 L. Ed. 693, see, also, Rose's U. S. Notes), as saying:

"Where a party gives a reason for his conduct and decision touching anything in action in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law."

The rule is stated in Volume 4, Cooley's Briefs on Insurance, page 3531, as follows:

"A failure to give notice or furnish proofs of loss, or defects in the notice and proofs, are waived by a denial of liability on other grounds. This rule is fundamental, and scarcely needs to be supported by the citation of authorities."

In the case at bar, after the company had made a careful examination and investigation of the claim

of plaintiff, there was nothing to prevent the defendant from waiving all defenses to the claim, that it might think it had, and settle the same, or it might waive a portion of its defense and rely upon the points which it selected, waive the balance and so notify the insured and give the policy-holder the privilege of accepting the proposition of the company as the battleground of the contest. After plaintiff has accepted the challenge and acted thereon, and entailed the expenses of suit, it would be unfair to him to permit the defendant to shift its ground and assert other forfeitures which it had waived.

7. It is claimed on behalf of defendant that there was not sufficient evidence of knowledge of facts by the company when it attempted to cancel the policy. However, there was some evidence of such knowledge and the matter was submitted to the jury upon the defendant's theory under proper instruction and they found against the appellant on this point. This verdict of the jury under the testimony forecloses the question raised by defendant's answer by the allegation. Said policy provides:

"If the insured is disabled by injury or illness for more than thirty days, he or his representative shall furnish the company, every thirty days, or as soon thereafter as may be reasonably possible, with a report from the attending physician or surgeon, fully stating the condition of the insured."

That said plaintiff failed and neglected to comply with said term or condition of said policy. No error can be predicated in regard thereto.

8. The policy contained the following provision, to wit:

"No statement made by the applicant for insurance not included herein shall avoid the policy or be used

in any legal proceedings hereunder. No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed hereon.''

It is contended by defendant that on account of this clause and clause ''B'' of Section 6459, Or. L., which is in substance the same, the plaintiff is prevented from showing that the statement made in his application concerning his occupation was made in good faith and with no intent to deceive or defraud the defendant. We do not think that such was the purpose of the provision. This testimony was introduced for the purpose of showing that the statement was made upon the advice of the agent issuing the policy, as his designation of plaintiff's occupation was somewhat archaic, and to indicate that there was no intent to deceive or defraud. It was competent and admissible. It was not an attempt to avoid or change the policy. We fail to see any question of a waiver of any part of the provision of the policy in this connection, either by the agent or anyone. In order for defendant to maintain a defense on account of these representations it must be shown that they were wilfully false and made with intent to deceive: See *Williams* v. *Pacific States Fire Ins. Co.*, 120 Or. 1 (251 Pac. 258); *Mercer* v. *Germania Ins. Co.*, 88 Or. 410, 414 (171 Pac. 412), in which latter case Mr. Justice McCAMANT says:

''The policy written in April, 1915, was void; plaintiff was informed it was all right. This statement was made to a woman ignorant of the truth; it was made by an underwriter of large experience who knew the facts. He must have intended that plaintiff should act upon it, and there is evidence that she did rely

upon it to her injury.   Defendant should not be permitted to escape liability, .* * "

See, also, *Willis* v. *Horticultural Fire Relief,* 77 Or. 621, 631 (152 Pac. 259); *Hahn* v. *Guardian, etc.,* 23 Or. 576 (32 Pac. 683, 37 Am. St. Rep. 709); *Hardwick* v. *State,* 20 Or. 547 (26 Pac. 840).

On the question of the right of the insurer to challenge the agent's classification of risk in *Arneberg* v. *Continental Casualty Co.,* 29 A. L. R. 93, at page 98, it is recorded:

"When an applicant states to the agent the facts concerning his employment or occupation, he has done all that should be required of him.   He does not possess the knowledge requisite to enable him to designate his occupation in conformity to classifications which have been prescribed by the company. That is a function which must be performed by the company upon information furnished by the applicant, and when such information is truthfully given, the company should be held bound by its own classification."

9. It is alleged by defendant, in effect, that plaintiff falsely and fraudulently represented that he had never had any disorders of the brain, spine or nervous system, or any bodily or mental infirmities and that he never received any medical or surgical attention and that the application was knowingly false; that such statement was material and fraudulently made with intent to deceive; that this is denied by the plaintiff in his reply.   The testimony upon this point is in direct conflict.   That on the part of the plaintiff tended to show that he had had no disorders of the nervous system or trouble with his eyes.   This question was fairly submitted to the jury under the instruction of the court, and is settled by the verdict.

There being substantial evidence in the record to support such verdict this court is not authorized to disturb the same. Fraud is a question of fact to be tried by the jury and the truth or falsity of the statement of plaintiff in this respect was a proper question for the jury: *Williamson* v. *North. Pacific Lbr. Co.*, 42 Or. 153 (70 Pac. 387, 532); *Clough* v. *Dawson*, 69 Or. 52 (133 Pac. 345, 138 Pac. 233).

10. Defendant also contends that in order for the plaintiff to recover on account of being disabled from pursuing his occupation he must show that he was regularly attended by a physician all of the time while so incapacitated. The contract of insurance of the defendant provides as indicated by a heading on the policy as follows: "THIS POLICY PROVIDES INDEMNITY FOR LOSS OF LIFE, SIGHT, LIMB OR TIME, BY ACCIDENTAL MEANS, AND FOR LOSS OF TIME BY ILLNESS TO THE EXTENT HEREIN PROVIDED." Paragraph "A" of the policy upon which this action is based provides as follows:

"Accident indemnity for Total Disability. At the rate of Fifty ($50.00) dollars, per week against total loss of time, not exceeding three hundred consecutive weeks, resulting solely from bodily injuries effected directly and independently of all other causes, by the happening of an External, Violent and Accident event, and which immediately continuously and wholly, from date of accident, shall disable and prevent the insured from performing any and every duty pertaining to his business or occupation."

Paragraph "J" provides as follows:

"*Indemnity for Confining Illness.* At the rate of Fifty ($50.00) dollars per week for the number of consecutive days, but not exceeding one hundred weeks, that the insured is necessarily, continuously and actually confined within the house, and therein

regularly visited by a legally qualified physician, by reason of illness that is contracted and begins after this policy shall have been maintained in continuous force for ten days from its date."

The provisions in the clause in regard to being regularly visited by a legally qualified physician is not contained in the paragraph ''A'' relating to accident indemnity for total disability, and does not apply thereto. This is obvious from a careful reading of the policy and consideration thereof. If by reason of accident plaintiff would be totally incapacitated by the loss of his eyes, or the loss of a limb which could not be cured or benefited by the attendance of a physician, it would not be expected and is not contemplated by the terms of the policy that the claimant would be regularly visited by a physician. In the present case the plaintiff, after the accident, was regularly attended by a qualified physician, Dr. Wm. R. Shinn, and treated for his injury, and the doctor prescribed what plaintiff should do therefor and told him, "that it was a condition that would simply take time, but he might be able to see some time, and might not; nothing that could be done for it, was my opinion." The contention of the defendant as to the proof in this respect is untenable.

11. It is contended by counsel for defendant that no attorney's fees in this action are warranted by the statute. Chapter 110, Gen. Laws of Oregon, 1919, Section 1, page 159, which is Section 6355, Or. L., authorizes the attorneys' fees in an action of this kind. The language is as follows:

"Whenever any suit or action is brought in any of the courts of this state upon any policy of insurance of any kind or nature whatsoever, and the plaintiff, in addition to the amount he may recover, shall also

be allowed and shall recover as a part of said judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees in said suit or action; provided, that settlement is not made within eight months from date proof of loss is filed with the company; provided, further, that if a tender be made by a defendant in any such suit or action and the plaintiff's recovery shall not exceed the amount thereof, then no sum shall be recoverable as attorney's fees.''

There was no settlement of loss or tender made by the defendant company. The time for such settlement had elapsed after the plaintiff had given defendant notice of the injury and made a claim therefor, and as found the defendant had waived formal proof. We hold that according to the record the plaintiff is entitled to a reasonable attorney's fees in this action.

12. At the close of plaintiff's testimony in chief defendant moved the court to grant a nonsuit largely on account of the questions above noticed, and at the close of all of the testimony defendant requested the court to direct a verdict in favor of defendant. There was testimony tending to support the complaint and sufficient to carry the case to the jury. There was no error in denying such motion.

13. Defendant assigns error on account of the court attempting to speed up the cross-examination of plaintiff by defendant and intimating that nothing would be gained by a very extended cross-examination. The cross-examination of plaintiff was quite prolix. It covers seventy-four pages of typewriting. Under all the circumstances we think the admonition of the court was proper and that defendant was not denied the right of a liberal cross-examination of plaintiff as a witness.

Exceptions were reserved to several instructions of the court to the jury. We have carefully examined the charge to the jury and believe the court fairly submitted the case to the jury in accordance with the rules of law mentioned above and that there is no reversible error in such instructions.

Finding no reversible error in the record the judgment of the trial court is affirmed.

AFFIRMED.   REHEARING DENIED.

BROWN and McBRIDE, JJ., concur.